Paul LYCHE, ESTATE of; Mary Lyche, Personal Representative, Plaintiffs–Appellants,

v.

WASHINGTON COUNTY; Richard Garrick; Peter Olson; Stephen Wilhelm; Henningson Durham & Richardson, Inc., dba HDR Architecture, Inc., a Nebraska Corporation, qualified to do business in Oregon; Robert J. Frasca; Gregory S. Baldwin; Daniel J. Huberty; Robert G. Packard, III; Larry S. Bruton; R. Doss Mabe; Everett J. Ruffcom; H. Randy Leach; Kenneth D. Sanders; Karl R. Sonnenberg, dba Zimmer Gunsul Frasca Partnership Architecture/Planning/Interior Design, an Oregon partnership; Prison Health Services Inc., a Tennessee corporation qualified to do business in Oregon, Defendants–Appellees.

No. 04–35966.

D.C. No. CV–01–00418–JE (REJ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2006.

Decided March 16, 2006.

Daniel J. Snyder, Esq., Law Offices of Daniel J. Snyder, Portland, OR, for Plaintiffs–Appellants.

William G. Blair, Esq., Washington County Counsel, Hillsboro, OR, Janet M. Schroer, Esq., Hoffman Hart & Wagner, LLP, Charles F. Adams, Esq., Stoel Rives, LLP, Cecil Reniche–Smith, Esq., Hoffman Hart & Wagner, Richard E. Alexander, Esq., Daniel K. Reising, Esq., Stoel Rives, LLP, Portland, OR, Michael T. Stone, Brisbee & Stockton, LCC, Hillsboro, OR, for Defendanst–Appellees.

Before FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

The Estate of Paul Lyche appeals the district court's grant of summary judgment to Zimmer Gunsul Frasca Partnership and its partners and to HDR Architecture, Inc. (collectively the Architects). The district court held that as a matter of law the Architects, who designed a jail facility for Washington County, Oregon, were not liable in negligence to the Estate for the suicide of Paul Lyche in one of the cells. We affirm.

The Estate claims that under Oregon law, the Architects may be liable in negli-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gence. However, we agree with the district court that on this record the Oregon courts, as a matter of law, would not fasten negligence liability upon the Architects. Under Oregon law, liability of the Architects could not be established by the mere fact that Lyche found a way to commit suicide by discovering a place from which to hang himself in a standard jail cell about a year after the jail facility was turned over to the County. *See Or. Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 83 P.3d 322, 327–28, 330 (2004); *Buchler v. State ex rel. Or. Corr. Div.*, 316 Or. 499, 853 P.2d 798, 803–05 (1993); *Fazzolari ex rel. Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 734 P.2d 1326, 1336 (1987); *see also Bruzga v. PMR Architects, P.C.*, 141 N.H. 756, 693 A.2d 401, 402–04 (1997) (architect of jail facility not liable for a suicide); *Tittle v. Giattina, Fisher & Co., Architects, Inc.*, 597 So.2d 679, 681 (Ala.1992) (same); *La Bombarbe v. Phillips Swager Assocs. Inc.*, 130 Ill. App.3d 896, 86 Ill.Dec. 28, 474 N.E.2d 942, 944–45 (1985) (same); *cf. Harbaugh v. Coffinbarger*, 209 W.Va. 57, 543 S.E.2d 338, 346 (2000) (per curiam) (in general, suicide is an intervening cause that precludes liability); *Krieg v. Massey*, 239 Mont. 469, 781 P.2d 277, 279 (1989) (same); *McLaughlin v. Sullivan*, 123 N.H. 335, 461 A.2d 123, 124 (1983) (same). Indeed, any other approach would risk exposing jail architects to "endless suicide liability" [1] despite a county's own decisions about design and about placement of prisoners in particular cells within a facility.

AFFIRMED.